Nicholas J. Henderson, OSB No. 074027
Motschenbacher & Blattner, LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0508
(503) 417-0528 Facsimile
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ELIXER THERAPEUTICS, LLC, a Wyoming limited liability company,<br><br>                   Plaintiff,<br>v.<br><br>TNR HOLDING GROUP, Inc.; PODS HEALTH, Inc.; WAREHOUSE HOLDINGS, Inc.; RICARDO BLANCO FLORES; JOSE ARRAS; RAFAEL MANSO; DEEPAK PODDAR; JAMES DAVIS; SEAN MCINERNEY,<br><br>                  Defendants. | Case No.<br><br>COMPLAINT FOR FRAUD, BREACH OF CONTRACT, AND RACKETEERING<br><br>DEMAND FOR JURY TRIAL |

**JURISDICTION**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs and there is complete diversity of citizenship between Plaintiff and the Defendants.

**VENUE**

2. This court is the proper venue pursuant to 28 U.S.C § 1391 because a substantial part of the events giving rise to the claim occurred in Oregon.

Page 1   COMPLAINT
{00475157:3}

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500
(5030 417-0501 Facsimile

## THE PARTIES

3. Elixir Therapeutics, LLC ("Elixir") is a Wyoming limited liability company doing business in Portland, Oregon. Elixir sells personal protection equipment ("PPE") and medical protection products.

4. TNR Holding Group, Inc. ("TNR"), is a Texas corporation.

5. Pods USA, LLC ("Pods") (also known as Pods Health Inc.), is a Canadian Company conducting business in the Medical Equipment and Supplies Manufacturing Industry.

6. Warehouse Holdings, Inc., is a Florida limited liability company.

7. Ricardo Blanco Flores, is an associate of TNR.

8. Jose Arras is an associate of TNR.

9. Rafael Manso is an associate of TNR.

10. Deepak Poddar is the Director at Pods.

11. James Davis is an associate at Warehouse Holdings, Inc. (also known as James Elliott or James Elliot).

12. Sean McInerney (also known as Sean McInary) is an associate of James Davis at Warehouse Holdings. Plaintiff believes that Sean McInerney or Sean McInary does not exist and is another alias of James Davis.

## STATEMENT OF FACTS

13. On or about August 18, 2021, Plaintiff, as the buyer, and TNR, as the seller, entered into an Irrevocable Corporate Purchase Order ("ICPO") for the sale of 200 million boxes of Level 1, 3PLY Disposable Face Masks from various manufacturers and suppliers. Exhibit 1 is an accurate copy of the ICPO.

Page 2    COMPLAINT
{00475157:3}

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500
(5030 417-0501 Facsimile

14. On or about August 15, 2021, TNR, through Ricardo Blanco Flores, Jose Arras and Rafael Manso, represented to Plaintiff that TNR had 100,000 boxes of face masks ready for delivery, that TNR owned those facemasks, and that they were being stored at 18924 South Laurel Park Road, Compton, California 90220 (the "Warehouse"). Before shipping the full 200 million boxes specified in the ICPO, TNR through Ricardo Blanco Flores, Jose Arras and Rafael Manso insisted that Plaintiff first purchase the 100,000 boxes on hand to make sure that Plaintiff could perform and that Plaintiff would be satisfied with its products prior to committing to the order for the full contract amount.

15. TNR also represented that the first 100,000 boxes in the Warehouse were part of a larger lot and that it had an additional 940,000 boxes that Plaintiff could inspect and purchase immediately after Plaintiff purchased the first 100,000 boxes.

16. On or about August 21, 2021, three days after signing the ICPO Rafael Manso, while working under the direction of Ricardo Blanco Flores and Jose Arras, met with Martin Hudler ("Hudler") and Shahriar Shahid ("Shahid"), directors at Elixir, at the Warehouse. Hudler and Shahid inspected the 100,000 boxes and found that they were compliant with the ICPO and otherwise acceptable.

17. During the inspection Rafael Manso represented that they had other buyers, or purported buyers, at the Warehouse who were waiting to commit to buy the initial 100,000 boxes of product if Plaintiff did not commit to agree to purchase the product after Plaintiff's inspection.

18. After the inspection, Hudler and Shahid called Ricardo Blanco Flores, and confirmed that Plaintiff would purchase the 100,000 boxes and would make the immediate arrangements to have the product moved to Plaintiff's warehouse.

Page 3   COMPLAINT
{00475157:3}

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500
(5030 417-0501 Facsimile

19. Ricardo Blanco Flores prepared the Commercial Invoice, which among other things, specifically stated that the initial 100,000 boxes were at the Warehouse and ready for pickup. See the copy of the Commercial Invoice attached hereto as Exhibit 2.

20. On or about August 22, 2021, four days after signing the ICPO and one day after agreeing to purchase the product that Plaintiff's agents had inspected, Plaintiff wired $150,000 to TNR as instructed. See the copy of the wire transfer memoranda documenting the transfer attached hereto as Exhibit 3.

21. On or about August 23, 2021, Plaintiff made arrangements with Plaintiff's freight forwarder to pick up the products from the Warehouse. However, the Warehouse manager refused to release the product because neither Rafael Manso, Jose Arras, Ricardo Blanco Flores or TNR owned the masks the Plaintiff had bought. The Warehouse manager informed the Plaintiffs that the products were actually owned by Furqan Mustafa, a resident of Dubai, and that Rafael Manso, Jose Arras, Ricardo Blanco Flores, nor TNR had the title or authority to sell the products to Plaintiff.

22. Rafael Manso, Jose Arras, Ricardo Blanco Flores, and TNR falsely represented that TNR was the owner of the products to induce the Plaintiff to pay TNR.

23. Upon confronting TNR, TNR represented to Plaintiff that there was no reason to worry, as TNR had simply received Plaintiff's wire too late in the day to have the product released from the Warehouse by its title holder. TNR represented that Plaintiff's payment needed to be paid to Deepak Poddar or Pods Health, Inc., because Pods was connected to the titleholder and true owner of the products.

Page 4   COMPLAINT
{00475157:3}
Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500
(5030 417-0501 Facsimile

24. On or about August 20, 2021, Ricardo Blanco Flores and Jose Arras introduced Plaintiff to Deepak Poddar, director for Pods. TNR represented to Plaintiff that Pods will be able to provide the products to Plaintiff per the ICPO that Plaintiff was seeking to acquire.

25. On or about August 20, 2021, TNR transferred to Pods $105,000 of the $150,000 received from Plaintiff, without the knowledge of Plaintiff. See Exhibit 4.

26. On or about August 23, 2021, Pods, without the knowledge of Plaintiff, transferred $100,000 to Warehouse Holdings to obtain the products for Plaintiff.

27. On or about August 23, 2021, James Davis, an associate of Warehouse Holdings represented to Plaintiffs that he and Sean McInerney of Warehouse Holdings were the owners of the products Plaintiff was purchasing and that they had purchased them from Furqan Mustafa. No products have ever been delivered to Plaintiff by Sean McInerney, James Davis, James Elliot, James Elliott or Warehouse Holdings.

28. On or about August 23, 2021, Plaintiff contacted Furqan Mustafa. He informed Plaintiff that James Davis had fraudulently misrepresented to multiple buyers that Davis was the owner of products. Only Furqan Mustafa was the person who has the proper title to sell the products. James Davis never delivered any product to any of buyers. nor did he ever transact and pay Furqan Mustafa for a single box of product.

29. On or about August 23, 2021, Pods sent a cease and desist letter to Plaintiff, cancelling the transaction for the products and stating Pods will return the $100,000 deposit paid to it by TNR on behalf of Plaintiff. See Exhibit 5.

30. On or about August 23, 2021, Pods refunded TNR $5,000 of the $105,000 deposited to Pods by TNR on behalf of Plaintiff. See Exhibit 6.

31. On or about August 25, 2021, TNR sent Pods a letter from Plaintiff, demanding the immediate return of its $100,000 and for it to be directly wired to Plaintiff, not to TNR. See Exhibit 7.

32. On or about September 2, 2021, Plaintiff sent a demand letter to James Davis and Sean McInerney of Warehouse Holdings, Inc. for the immediate refund of Plaintiff's $100,000. See Exhibit 8.

33. On or about September 7, 2021, Pods represented that it was working with James Davis to refund of the $100,000 and once received, Pods would refund the money to TNR. Pods issued a formal demand to Warehouse Holdings for the return of the $100,000. See Exhibit 9. As of October 20, 2021, no money has been returned to TNR by James Davis, James Elliot, James Elliot, Sean McInerney or Warehouse Holdings, Inc.

34. As of October 20, 2021 TNR has only returned $15,000 of the original $150,000 to Plaintiff, and $135,000 is still outstanding with no indication of when it will be returned.

## FIRST CLAIM FOR RELIEF

(Fraud)

35. Plaintiff realleges paragraphs 1 through 34 above.

36. TNR intentionally and falsely represented to Plaintiff that TNR had proper title to sell the products to Plaintiff. Plaintiff entered into the ICPO with TNR in reliance on the promise that TNR was the owner and had proper title to sell the products in addition to hundreds of millions of boxes of additional product to Plaintiff. It was not until after payment and when Plaintiff went to pick up the 100,000 boxes of products from TNR in the Warehouse that TNR told Plaintiff that TNR was not the owner of the products and could not release the products to Plaintiff.

Page 6   COMPLAINT
{00475157:3}

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500
(5030 417-0501 Facsimile

37. TNR and its agents knew the representations about ownership of the products were false, that the representations were material, that Plaintiff was ignorant of the truth and falsity of the representations, and but for the representations, that Plaintiff would not have entered into a contract for the sale of products with TNR . At all times Plaintiff did not know the falsity of the representations, and Plaintiff relied on, and had the right to rely on, what Plaintiff believed was the truth of the representations and the actions of TNR and its agents.

## SECOND CLAIM FOR RELIEF

(Breach of Contract)

38. Plaintiff realleges paragraphs 1 through 37 above.

39. TNR and Plaintiff, for valuable consideration, entered into a valid and enforceable contract—the ICPO—on August 15, 2021, for the sale of products by TNR in return for money payments by Plaintiff.

40. Pursuant to the ICPO, TNR promised 200 million boxes of face masks to Plaintiff. TNR promised the first 100,000 boxes as a trial run in exchange for $150,000. TNR failed to deliver the products to Plaintiff.

41. TNR has refused repeated demands to refund Plaintiff its initial payment of $150,000, only refunding $15,000.

42. As a result of its breach, TNR has caused Plaintiff to incur damages totaling $135,000 of unreturned funds.

## THIRD CLAIM FOR RELIEF

(RICO- Oregon)

43. Plaintiff realleges paragraphs 1 through 42 above.

44. ORS 166.720(7) provides individual plaintiffs with relief against parties who engage in a pattern of racketeering activity.

45. Beginning in or around August 15, 2021, each Defendant conducted and participated through a pattern of racketeering activity.

46. On or about August 15, 2021, TNR and its associates, knowingly accessed a computer system or network for either 1) devising or executing a scheme or artifice to defraud or 2) for obtaining money by means of false or fraudulent pretenses, representations or promises by directing Plaintiff to wire money for products TNR fraudulently sold to Plaintiff, by falsely representing to Plaintiff that TNR was the owner of the products and had proper title to sell the products to Plaintiff and by refusing to refund Plaintiff its money after the money was transferred.

47. On or about August 15, 2021, TNR, on information and belief, knowingly accessed a computer system or network for either 1) devising or executing a scheme or artifice to defraud or 2) for obtaining money by means of false or fraudulent pretenses, representations or promises by wire transferring Plaintiff's money to Pods, who without the knowledge of Plaintiff, wire transferred the money to a third-party, Warehouse Holdings, who misrepresented having masks for sale, and communicated with the recipient parties.

48. Defendants used and invested income that was derived from a pattern of racketeering activity.

49. TNR willfully and knowingly acted to defraud Plaintiff and obtain money by means of false pretenses. TNR did so by falsely claiming to hold title to the products it sold to Plaintiff.

Page 8     COMPLAINT
{00475157:3}

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500
(5030 417-0501 Facsimile

50. TNR used the money it obtained from Plaintiff fraudulently to make a deposit to Pods on behalf of Plaintiff. Pods, in turn, used the money to make a deposit with Warehouse Holdings in violation of ORS 166.720(1).

51. At all relevant times, each Defendant agreed to and did conspire to violate ORS 166.720(1) and (3), in violation of ORS 166.720(4). The object of this conspiracy has been and is to conduct or participate in, directly or indirectly, the conduct of the affairs of the enterprise described and to receive proceeds derived from a pattern of racketeering activity and to use such proceeds, in the establishment and operation of the enterprise.

52. As a direct and proximate consequence of the Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of ORS 166.720(4), Plaintiff has been injured in its business and property, causing Plaintiff to suffer monetary damages in an amount not less than $200,000.

53. Defendants' conduct constitutes a conspiracy to violate ORS 166.720(1) and (3), in violation of ORS 166.720(4). Because of Defendants' violations, Defendants' are liable to Plaintiff for 3 times the damages Plaintiff has sustained, plus the cost of this action, including reasonable attorneys' fees, and punitive damages.

**FOURTH CLAIM FOR RELIEF**

(Federal RICO – 18 U.S.C § 1964(c))

54. Plaintiff realleges paragraphs 1 through 53 above.

55. Defendants' conduct constitutes racketeering as set forth in 18 U.S.C. § 1962(a) (c) and (d). Section 1962(c) provides relief against parties who engage in a pattern of racketeering activity, § 1962(a) provides relief against parties who use income generated through

Page 9   COMPLAINT
{00475157:3}
Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500
(5030 417-0501 Facsimile

a pattern of racketeering activity, and § 1962(d) provides relief against those who conspire to violate the racketeering laws. Defendants are liable under each of these three sections.

56.     Defendants' activities include at least two acts of racketeering activity. Accordingly, Defendants' conduct constitutes a "pattern" of racketeering activity. 18 U.S.C. § 1961(5).

57.     Each Defendant conducted and participated in the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c), including wire fraud as defined by 18 U.S.C. § 1343, and for the unlawful purpose of intentionally defrauding Plaintiff.

58.     The wire fraud committed by Defendants is based on a scheme developed and carried out by TNR in furtherance by Pods and Warehouse Holdings. Pods failure to disclose to Plaintiff that Plaintiff's money was being wire transferred to Warehouse Holdings without Plaintiff's knowledge was fraudulent.

59.     Defendants have been involved in a plan to scheme or defraud; have had the intent to defraud and have willfully participated in the scheme to defraud with actual knowledge of its fraudulent nature and with specific intent to defraud; and could have reasonably foreseen that interstate wires would be used; and actually used interstate wires to further Defendants' scheme.

60.     Defendants received income derived from a pattern of racketeering activity to use or invest a part of such income or the proceeds of such income in the establishment and operation of an enterprise that is engaged in, or the activities of which affect, interstate or foreign commerce, in violation of 18 U.S.C. § 1962(a).

61.     At all relevant times, the Defendants and each Defendant agreed to and did conspire to violate 18 U.S.C. §§ 1962 (a) and (c), as alleged above and incorporated herein, in

Page 10   COMPLAINT
{00475157:3}

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500
(5030 417-0501 Facsimile

violation of 18 U.S.C. § 1962(d). The object of this conspiracy has been and is to conduct or participate in, directly or indirectly, the conduct of the affairs of the enterprise described previously; and to receive proceeds derived from a pattern of racketeering activity and to use such proceeds, or the proceeds derived from the use thereof, in the establishment and operation of the enterprise described previously.

62. Defendants' conduct constitutes a conspiracy to violate 18 U.S.C. §§ 1962(c) and (a), in violation of 18 U.S.C. § 1962(d). Because of Defendants' violations, Defendants' are liable to Plaintiff for three (3) times the damages Plaintiff has sustained, plus the cost of this action, including reasonable attorneys' fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

1. A judgment and money award against Defendants for $135,000 multiplied times three , plus Plaintiff's costs, disbursements and reasonable attorney fees incurred in this case, plus post-judgment simple interest on all the foregoing amounts at the maximum rate allowed by law from the date judgment is entered until fully paid;

2. punitive damages; and

3. for such other and further relief as the Court deems appropriate.

DATED October 21, 2021.

MOTSCHENBACHER & BLATTNER LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB 074027
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0508
(503) 417-0528 Facsimile
Attorneys for Plaintiff

Page 11   COMPLAINT
{00475157:3}

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500
(5030 417-0501 Facsimile